

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERAMIE LATIOLAIS** | * | **DOCKET NO. 00-0085** |
| **VERSUS** | * | **JUDGE: SECTION "L"** |
| **ELEVATING BOATS, INC.** | * | **MAGISTRATE: 3** |

* * * * * * * * * * * * * * * * * * * * * * * *

### MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND MOTION TO COMPEL DEPOSITION

**NOW INTO COURT,** through undersigned counsel, comes defendant, Elevating Boats, Inc., and moves this Honorable Court for an extension of the discovery deadline fixed by the Court's scheduling order of March 17, 2000, or alternatively, for an order compelling the deposition of Harold Short, for the following reasons:

I.

The deposition of a fact witness, Harold Short, a supervisor employed by plaintiff's former employer, Perf-O-Log, Inc., was properly noticed and scheduled for November 7, 2000.

II.

After noticing the deposition, undersigned counsel was advised by counsel for Perf-O-Log, (a non-party to this litigation) Scott F. Kaiser, Esq. of *Phelps, Dunbar* (Baton Rouge) that Mr. Harold Short was recovering from extensive cardiovascular surgery.

DATE OF ENTRY
NOV 0 7 2000



### III.

Undersign counsel was further advised, that although Mr. Short has returned to work on a part time basis, that he was restricted by his doctors from giving a deposition in a civil matter.

### IV.

Undersigned counsel has offered the accommodation that the deposition be taken at or near Mr. Short's home in Broussard, Louisiana, to reduce any stress or risk to his health. However, counsel for Perf-O-Log has advised that, according to Mr. Short's doctor, such an accommodation would not reduce the risk to the witness's recovery.

### V.

In light of the foregoing, the defendant, Elevating Boats, Inc., moves for a brief extension of the discovery deadline to facilitate the deposition of Mr. Short. Alternatively, Elevating Boats, Inc. moves to compel the deposition of Mr. Short within the discovery deadline.

### VI.

Undersigned counsel has conferred with the office of plaintiff's counsel regarding this development. Plaintiff's counsel has confirmed, in correspondence to this Court, that plaintiff has no opposition to the extension of the deadline for purposes of taking Mr. Short's deposition. Counsel for intervenor has also advised that he has no opposition to the instant motion.

### VII.

A continuance of the deadline should not upset the trial date of January 8, 2001. However, the delay of this discovery may inhibit a successful settlement conference with Judge Africk which was ordered by this Court to be conducted on or before December 8, 2000.

**WHEREFORE**, defendant, Elevating Boat s, Inc. moves this Court for a brief extension of the discovery deadline until such time as Mr. Short has adequately recovered from his surgery, but in no event later than November 30, 2000. Alternatively, EBI prays for an order compelling Mr. Short's deposition in advance of the discovery deadline.

>                    Respectfully submitted,
>
>                    BEST KOEPPEL
>
>                    _____
>                    LAURENCE E. BEST (#3012)
>                    PETER S. KOEPPEL (#1465)
>                    W. BARTLETT ARY (#17909)
>                    601 Poydras Street, Suite 2655
>                    New Orleans, Louisiana 70130
>                    Telephone: (504) 598-1000
>                    Telephone: (504) 524-1024

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that I have on this 3rd day of November , 2000, served the foregoing pleading on all counsel of record herein, by placing a copy of same in the United States mail, properly addressed and first class postage prepaid, or by hand delivery.

_____

# PHELPS DUNBAR LLP
### COUNSELORS AT LAW

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
(504) 566-1311
Fax (504) 568-9130

Suite 900
3040 Post Oak Boulevard
Houston, Texas 77056
(713) 626-1386
Fax (713) 626-1388

F. SCOTT KAISER
Partner
Baton Rouge Office

City Plaza • Suite 701 • 445 North Boulevard
Baton Rouge, Louisiana 70802-5707
P. O. Box 4412
Baton Rouge, Louisiana 70821-4412
(225) 346-0285
Fax (225) 381-9197

www.phelpsdunbar.com
November 3, 2000

SkyTel Centre • Suite 500
200 South Lamar Street
P. O. Box 23066
Jackson, Mississippi 39225-3066
(601) 352-2300
Fax (601) 360-9777

One Mississippi Plaza • Seventh Floor
P. O. Box 1220
Tupelo, Mississippi 38802-1220
(662) 842-7907
Fax (662) 842-3873

Lloyd's • Suite 731
1 Lime Street
London EC3M 7DQ England
011-44-207-929-4765
Fax 011-44-207-929-0046
10813-32

Laurence E. Best
Bart Ary
Best Koeppel
601 Poydras Street, Suite 2655
New Orleans, LA 70130

Re: Jeramie Latiolais v. Elevating Boats, Inc., No. 00-00850, United States District Court, Eastern District of Louisiana

Gentlemen:

As I mentioned to Bart yesterday, Harold Short's doctor has strongly cautioned him against participating in a deposition at the present time. Mr. Short recently underwent quadruple coronary artery bypass surgery. He has only been back on the job for two weeks, and then only at light duty. It is imperative for Mr. Short to avoid all significant forms of stress which, according to his doctor, includes giving a deposition.

I have enclosed a letter from Dr. David Allie setting forth his recommendation that Mr. Short not appear for a deposition at present.

Gentlemen, I realize this causes some problems with your discovery schedule in this case. You have been kind enough to work with me to find a convenient time for Mr. Short's deposition. I assure you he would not have been available any earlier due to his condition and, unfortunately, he still is not available to be deposed.

I am happy to provide any additional information you may need if you seek relief from the court's scheduling order so that Mr. Short can be deposed later. I am happy to participate in a conference with the court if you feel that such would be appropriate.

BR.246501 1

Laurence E. Best
Bart Ary
November 3, 2000
Page 2


In the meantime, I will endeavor to get to you the documents you recently subpoenaed from Perf-O-Log. I apologize for this inconvenience. However, Mr. Short's health obviously must come first.

Sincerely,

F. Scott Kaiser

FSK/dc
Enclosure

BR:246301 1



# Cardiovascular Institute of the South

4212 West Congress Street - Suite 2100   Post Office Box 61160   Lafayette, LA 70596-1160
1-800-582-2435   (337) 988-1585

November 2, 2000

Re: Harold Short
    DOB: 04/11/48

To Whom It May Concern:

Mr. Harold Short has been a patient of mine since 1996. He has recently undergone quadruple coronary artery bypass grafting (open heart surgery). He also suffers from hypertension and has a history of gout. Due to his past medical history and the fact that Mr. Short is still within the three to four month recuperation period from his coronary artery bypass surgery, I feel that it could be detrimental to his health and well being to be subjected to any type of deposition at this time.

Although Mr. Short is allowed to work at the present time, he still is under my care and restricted to "light duty" until released by my office. In Mr. Short's case, "light duty" consists of not lifting, pushing or pulling more than 10 pounds and to avoid any type of stress or stress related activities. It is my professional opinion that Mr. Short avoid all depositions until released from my surgical surveillance.

If you have any questions concerning this correspondence, please do not hesitate to contact my office at (337) 988-1585.

Sincerely,

David E. Allie, M.D.
Director of Cardiothoracic and Vascular Surgery

DEA/kt

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERAMIE LATIOLAIS | * | DOCKET NO. 00-0085 |
| | * | |
| VERSUS | * | JUDGE: SECTION "L" |
| | * | |
| ELEVATING BOATS, INC. | * | MAGISTRATE: 3 |

* * * * * * * * * * * * * * * * * * * * * * * *

### O R D E R

On considering the above and foregoing motion,

**IT IS HEREBY ORDERED** that the discovery deadline in the above captioned matter be extended until November 30, 2000, or until such time as Harold Short is available to give a deposition. *The granting of this extension will not affect the pretrial or trial date.*

New Orleans, Louisiana this 7 day of November, 2000.

_____
JUDGE

4