

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERAMIE LATIOLAIS | * | DOCKET NO. 00-0085 (L) (3) |
| | * | |
| VERSUS | * | JUDGE ELDON E. FALLON |
| | * | |
| ELEVATING BOATS, INC. | * | MAGISTRATE LANCE M. AFRICK |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION FOR EXPEDITED HEARING

**NOW INTO COURT**, through undersigned counsel, comes Elevating Boats, Inc., defendant in the captioned cause, and moves this Honorable Court for an expedited hearing on the attached *Motion to Compel Independent Medical Examination* pursuant to Rule 35 which is filed contemporaneously herewith for the following reasons:

I.

Plaintiff, Jeramie Latiolais contends that he was injured on or about January 21, 1999, while performing wire line services for his employer Perf-O-Log, Inc. Plaintiff alleges that he sustained "serious and permanently disabling bodily injuries. . . as a direct an proximate result of the "vessel and negligence on the part of the defendant." Plaintiff seeks *inter alia* recover for lost of future earning capacity and functional impairment, healthcare expenses and other items of damages. (Plaintiff's Complaint p. 26).

DATE OF ENTRY
NOV 22 2000



II.

Plaintiff has listed, as an expert witness in the filed of vocational rehabilitation, one Ted Deshotel, Ph.D.

III.

Defendant scheduled a functional capacity evaluation with Paul Fontana, an occupational therapist, with the Fontana Center of Lafayette, Louisiana, to be conducted on November 6 through the 10th. (See Exhibit 1).

IV.

Defendant, EBI also notified plaintiff's counsel of the scheduling of the functional capacity evaluation.

V.

On October 26, 2000, counsel for defendant received a letter dated October 25, 2000 from plaintiff's attorney advising that he "will not require his client to attend this examination" and requesting the cancellation of plaintiff's scheduled functional capacity evaluation. (Exhibit 2).

VI.

A settlement conference is scheduled in the cause for December 4, 2000, the pre-trial conference for December 5, 2000, and the trial for January 8, 2001.

VII.

For the reason stated in the attached *Motion to Compel*, defendant is entitled to a functional capacity evaluation of plaintiff, Jeramie Latiolais.

VIII.

An expedited consideration of the *Motion to Compel* and would facilitate the resolution of this discovery dispute before the discovery deadline and before the settlement conference, pre-trial conference.

**WHEREFORE**, defendant, Elevating Boats, Inc., moves this court for an expedited hearing on the *Motion to Compel Independent Medical Examination* filed contemporaneously herewith.

    Respectfully submitted,

    BEST KOEPPEL

    _____
    LAURENCE E. BEST (#3012)
    PETER S. KOEPPEL (#1465)
    W. BARTLETT ARY (#17909)
    601 Poydras Street, Suite 2655
    New Orleans, Louisiana 70130
    Telephone: (504) 598-1000
    Telephone: (504) 524-1024

    Attorneys for Defendant, Elevating Boats, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all known counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

New Orleans, Louisiana, this 9th day of November, 2000.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERAMIE LATIOLAIS** | * | DOCKET NO. 00-0085 (L) (3) |
| **VERSUS** | * | JUDGE ELDON E. FALLON |
| **ELEVATING BOATS, INC.** | * | MAGISTRATE LANCE M. AFRICK |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## O R D E R

Considering the above and foregoing *Motion for Expedited Hearing*:

**IT IS ORDERED** that the *Motion for Expedited Hearing* be granted and that Defendant's *Motion to Compel Independent Medical Examination* be set for hearing on the 22 day of November, 2000, at 9 o'clock A .m.

**IT IS FURTHER ORDERED** that plaintiff filed ~~an opposition~~ to Defendant's *Motion to Compel Independent Medical Examination* ~~by the ____ day of November, 2000.~~

New Orleans, Louisiana this 22 day of November, 2000.

*After conversation with counsel, the motion is dismissed without prejudice to defendants right to reurge on an expedited basis once the background work has been completed.*

_____
LANCE M. AFRICK
UNITED STATES MAGISTRATE JUDGE