```
                                              FILED
                                          U.S. DISTRICT COURT
                                         EASTERN DISTRICT OF LA

                                          2000 DEC 14  AM 8: 36

                                           LORETTA G. WHYTE
                                                CLERK
```

MINUTE ENTRY
FALLON, J.
December 12, 2000

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERAMIE LATIOLAIS | * | CIVIL ACTION |
| VERSUS | * | NO. 00-85 |
| ELEVATING BOATS, INC. | * | SECTION "L" (3) |

Before the Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, defendant's motion is DENIED.

This suit arises from injuries sustained by the plaintiff on January 21, 1998 while performing wire line services for his employer, Perf-O-Log, Inc., a drilling contractor, at a Texaco oil well field. Latiolias was working as a hoistman for Perf-O-Log, Inc. and was conducting wire lining services aboard the lift boat, Rick Steirwald, owned and operated by defendant Elevating Boats, Inc. ("EBI"). Plaintiff alleges that he was injured when he stepped from the elevated platform of the Rick Sherwald onto a wellhead located in Texaco's Leesville well field in Lafourche Parish, Louisiana. Although the Rick Steirwald had a sixteen foot steel gangway as a means of ingress and egress, plaintiff explains that it could not be used because of the dangerous angle between the platform and well.

EBI contends that its only role in Perf-O-Log's operations was to supply the platform or staging area for the performance of the wire line services by Perf-O-Log. EBI transported plaintiff

DATE OF ENTRY
DEC 1 4 2000

and his coworkers to the wellhead site and, upon arriving at the site, elevated the work platform to a height directed by Perf-O-Log's employees. EBI argues that it neither exercised nor retained any discretion in the elevation of the platform. Finally, EBI contends that Latilolais was experienced in line wire operations and knowingly and voluntarily stepped down from the deck of the work platform onto the wellhead using a tire fastened to the vessel as a fender.

Plaintiff presents two causes of action in this case. First, plaintiff asserts a cause of action pursuant to 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act ("LSHWCA"). Second, plaintiff argues that he entitle to relief under the general maritime law.

In order for a plaintiff to raise a claim under § 905(b), he must meet the jurisdictional requirements of locus and status. *See* 33 U.S.C. § 903. Latiolais meets the locus requirement because the accident occurred on a platform which adjoins navigable water and is used for loading and discharging vessels. *See id.* § 903(a). He fails, however, to meet the requirement of maritime status. *See Herb's Welding, Inc. v. Gray*, 470 U.S. 414 (1985). Consequently, Latiolais is not entitled to a remedy under 33 U.S.C. § 905(b).

Latiolais does raise a proper cause of action under the general maritime law. The issue in this case is the nature and extent of the duty owed by EBI to Latolais to provide a safe ingress and egress. The scope of that duty is what is reasonable under the circumstances of the incident. *See* 1 Schoenbaum, *Admirality & Maritime Law*, 157 (2d ed. 1994). Reasonableness under the circumstances is substantially a factual inquiry. The parties disagree over whether EBI provided a reasonably safe means of ingress and egress from the platform. Because the material facts of this case are in dispute, summary judgment is not appropriate. Defendant's motion for summary judgment is therefore DENIED.