

COPY IN CHAMBERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERAMIE LATIOLAIS** | * | **DOCKET NO. 00-0085 (L) (3)** |
| | * | |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| | * | |
| **ELEVATING BOATS, INC.** | * | **MAGISTRATE LANCE M. AFRICK** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR EXPEDITED HEARING

**NOW INTO COURT**, through undersigned counsel, comes Elevating Boats, Inc., defendant in the captioned cause, and moves this Honorable Court for an expedited hearing on its Motion in Limine, which is filed contemporaneously herewith for the following reasons:

I.

Plaintiff, Jeramie Latiolais contends that he was injured on or about January 21, 1999, while performing wire line services for his employer Perf-O-Log, Inc. Plaintiff alleges that he sustained "serious and permanently disabling bodily injuries. . . as a direct an proximate result of the "vessel and negligence on the part of the defendant."

DATE OF ENTRY
JAN - 4 2001



II.

Plaintiff has intimated that he will call Craig Brasseux as an expert witness in the field of marine safety or some other related field.

III.

Elevating Boats, Inc. has filed a Motion in Limine requesting this court to exercise its gatekeeping function to exclude testimony which does not meet the criteria of Federal Rule of Evidence 702. Specifically, defendant has challenged Mr. Brasseux's qualifications to give expert opinion testimony and has challenged the substance of the opinion as failing the reliability and relevancy prerequisites of Rule 702, as set forth by the Supreme Court in *Daubert v. Merrell Dow Chemical, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Company, Ltd., v. Charmichael*, 1999 W.L. 152455 U.S. (March 23, 1999).

IV.

The original scheduling order required motions in limine presenting *Daubert* issues to be filed in sufficient time to allow hearing thirty days in advance of trial (December 6, 2000). Plaintiff did not produce the expert report of Mr. Brasseux until after the deadline for the production of plaintiff's expert report. (The original deadline was October 21, 2000, plaintiff faxed the report October 27, 2000).

V.

Mr. Brasseux's deposition was commenced on November 28, 2000; however, because of a conflict in the schedule of plaintiff's counsel, the deposition was adjourned and completed on November 30, 2000.

VI.

The adjourned deposition and the late exchange of expert witness reports has made it impossible for defendant to comply with the original scheduling order for the filing of this Motion in Limine. Specifically, the adjournment of the deposition until November 30, 2000, and the subsequent delay in the production of the transcript, made it impossible for the defendant to comply with the original scheduling order requirements that all motion in limine presenting 702 issues be filed in sufficient time to allow hearing on December 6, 2000, the latest hearing date at least thirty days in advance of trial.

VII.

Defendant has communicated to plaintiff its intention to challenge the qualifications, reliability, and relevancy of Mr. Brasseux's opinion since before his deposition.

VIII.

Moreover, defendant and plaintiff have attempted to reach stipulations with the express purpose of obviating the testimony of Mr. Brasseux. In particular, defendant agreed to stipulate to many, if not all, of the measurements taken by Mr. Brasseux. These stipulations were reached in the spirit of corporation, in the interest of streamlining the case, and in the interest of eliminating 702 issues.

IX.

Plaintiff's counsel advised defendant, that notwithstanding the gratuitous opinions in Mr. Brasseux's report, Mr. Brasseux would only be called to establish the measurements that he had taken at the well site and during his inspection of the vessel at issue in the litigation. Plaintiff now advises that he intends to qualify Mr. Brasseux as an expert.

X.

In light of the foregoing procedural history, plaintiff's representations concerning the limited scope of Mr. Brasseux's expert testimony, and defendant's good faith efforts to expedite the trial on the merits by agreeing to stipulations which would have obviated the testimony of an expert witness, defendant moves the Court to hear defendant's 702 challenges in limine.

XI.

Plaintiff would not be prejudiced by an in limine hearing on the 702 issues, as plaintiff was aware, upon submission of the expert witness report, that defendants would raise a *Daubert* challenge, and that, in any event, plaintiff will have to defend the challenge at trial.

XII.

Elevating Boats, Inc. advised the Court in the Pre-Trial Order and in the Pre-Trial Conference of its intention to raise a *Daubert* challenge to Brasseux's testimony.

XIII.

Accordingly, it is in the interest of expediency, efficiency, and justice, that defendant be granted an expedited hearing on the 702 issues presented in Defendant's Motion in Limine.

XIV.

Defendant has attempted to contact plaintiff's counsel and has left messages regarding defendant's intention to move the Court for an expedited hearing on the 702 issues; however, plaintiff's counsel has not indicated whether he is opposed to the in limine hearing.

**WHEREFORE**, defendant, Elevating Boats, Inc., moves this court for an expedited hearing on its Motion in Limine filed contemporaneously herewith.

Respectfully submitted,

BEST KOEPPEL

_____
LAURENCE E. BEST (#3012)
PETER S. KOEPPEL (#1465)
W. BARTLETT ARY (#17909)
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Telephone: (504) 524-1024

Attorneys for Defendant, Elevating Boats, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all known counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

New Orleans, Louisiana, this 29 day of December, 2000.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERAMIE LATIOLAIS | * | DOCKET NO. 00-0085 (L) (3) |
| | * | |
| VERSUS | * | JUDGE ELDON E. FALLON |
| | * | |
| ELEVATING BOATS, INC. | * | MAGISTRATE LANCE M. AFRICK |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the above and foregoing Motion for Expedited Hearing:

**IT IS ORDERED** that the Motion for Expedited Hearing be granted and that Defendant's Motion in Limine be set for hearing on the 5 day of January, 2001, at 10 o'clock a.m. without oral argument.

**IT IS FURTHER ORDERED** that plaintiff filed an opposition to Defendant's Motion in Limine by the 4 day of January, 2001.

New Orleans, Louisiana this 2 day of January, 2001.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE