



COPY IN CHAMBERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERAMIE LATIOLAIS | * | DOCKET NO. 00-0085 (L) (3) |
| | * | |
| VERSUS | * | JUDGE ELDON E. FALLON |
| | * | |
| ELEVATING BOATS, INC. | * | MAGISTRATE LANCE M. AFRICK |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### EBI'S OBJECTIONS TO PLAINTIFF'S EXHIBIT

Defendant, EBI objects to the following exhibits listed by plaintiff:

1.  A copy of the March 15, 1999 handwritten statement given by Jeramie Latiolais to Harold Short;

    **OBJECTION: Inadmissible hearsay, which falls under no exception to the hearsay rule.**

2.  A copy of the March 16, 1999 statement of Kevin Broussard given to Harold Short;

    **OBJECTION: Inadmissible hearsay, which falls under no exception to the hearsay rule.**

4.  A copy of the Elevating Boats, Inc. Safety and Environmental Program (Policy & Procedure Manual), including any and all attachments, addendum and attached exhibits;

    **OBJECTION: Irrelevant Under Federal Rules of Evidence 401-403:**

Specifically, EBI objects to this evidence on grounds of logical relevance and on 403 considerations. For purposes of brevity, EBI will only expound upon its logical relevancy arguments.

Elevating Boats, Inc. Safety and Environmental Program (Policy & Procedure Manual), and its attachments, has no logical bearing on any issue of duty or breach of duty presented herein. EBI's Policy & Procedure Manual contains general safety, health, and environmental policies, rules, and procedures for EBI. Plaintiff purpose in offering the evidence is to attempt to establish that EBI has a duty at general maritime law coextensive with those cited in its manual. However, there is nothing about the adoption by a business of an internal company safety policy that exalts the company's rules to a sacrosanct duty imposed by general maritime law.

EBI's Policy & Procedure Manual has no logical bearing on any issue presented in this litigation. Specifically, the manual has no bearing on: (1) whether EBI had a duty, imposed by the general maritime law, to provide a reasonably safe means of traversing from the *Rick Steirwald,* when functioning as a stationary elevated work platform, to the stationary well platform; or (2), if such duty applied in this context, whether the gangway afforded a reasonable means of traversing the two stationary structures.

5. A copy of the RICK STEIRWALD Elevator Operations Manual, including attached exhibits;

**OBJECTION: Irrelevant Under Federal Rules of Evidence 401-403:**

Again, EBI objects to this evidence on grounds of logical relevance and on 403 considerations. For purposes of brevity, EBI will only expound upon its logical relevancy arguments.

Like the EBI's Policy & Procedure Manual, *RICK STEIRWALD's* Elevator Operations Manual, has no logical bearing on any issue of duty or breach of duty presented herein. Presumably, plaintiff's purpose in offering the manual is to attempt to introduce into evidence once sentence of an eighty-seven page document which states that: "the gangway must be used when crossing a space between the vessel and the dock or a structure." (Page 63 Par. 18). The putative purpose of this evidence is to suggest that EBI has a duty at general maritime law, coextensive with the duty cited in its manual. Like the case of EBI's Policy & Procedure Manual, there is nothing about the adoption by a vessel of an operations manual which would magically exalt the manual's provisions to the status of a sacrosanct duty imposed by general maritime law. Such an extreme view would create a cause of action for violations of obscure provisions in vessel operations manuals which go far beyond the prevailing standards of reasonable care imposed by the general maritime law and would dissuade all vessel owners from adopting operations manuals.

Plaintiff's tenuous theory of liability reasons that: (1) EBI had a duty, at general maritime law, to supply a reasonably safe means of ingress and egress, even when the *Rick Steirwald* was used as stationary work platform, (2) that, since the supplied means of ingress and egress, a gangway, was not used by plaintiff; and that (3) because EBI's operations manual contains language requiring the

use of a gangway, that EBI breached its duty to supply a reasonably safe means of ingress and egress. Neither plaintiff's counsel nor his putative expert witness have cited any authority for the radical contention that the duty of a vessel owner at general maritime law to provide a reasonable means of ingress and egress applies in the context of a lift-boat being used as a stationary work platform. Even assuming *arguendo*, that a duty exists in this context, plaintiff has failed to establish that the means of ingress and egress supplied by the *Rick Steirwald*, a gangway, was a breach of this general maritime law duty.

Plaintiff's reasoning is entirely circular and begs the central question presented: whether the general maritime law imposes a duty on EBI on these facts to supply an alternative means of ingress and egress when the vessel was being used as a stationary work platform, and when plaintiff failed to use the supplied gangway. Any such duty must be found in the jurisprudence and not a vessel operations manual. Accordingly, the manual has no bearing on the issue of duty or any other issue before the court.

Moreover, the context and language of the provision suggests that the provision was intended to apply when the vessel was operating as a vessel and not as an elevated work platform. Significantly, the provision employs the term "vessel" which implies that the gangway shall be used when the *Rick Steirwald* is used as a vessel and not and is as a stationary work platform.

Further as discussed in defendant's *Proposed Conclusions of Law* and *Motion in Limine*, none of the risks which animate the imposition of a duty to supply reasonably safe ingress and egress from a vessel apply when the *Rick Steirwald* was in a stationary, elevated position. It is undisputed that, when the *Rick Steirwald* is deployed in a stationary, elevated position, it is not subject to wave action, the ebb and flow of the tide, currents, pitching decks, or other risks such as capsizing or collision. Accordingly, there is no principled basis upon which to extend the duty, which derives from general maritime law, to the facts at bar.

Similarly, there is no principled basis to find that the proffered operations manual has any logical bearing on any issue presented in this litigation. Specifically, the manual has no bearing on: (1) whether EBI had a duty, imposed by the general maritime law, to provide a reasonably safe means of traversing from the *Rick Steirwald,* when functioning as a stationary elevated work platform, to the stationary well platform; or (2), if such duty applied in this context, whether the *Rick Steirwald*'s gangway afforded a reasonable means of traversing the two stationary structures.

6.  A copy of the discovery deposition of Captain Robert Williams taken on November 14, 2000;

> **OBJECTION: Hearsay, inadmissible under any exception to the hearsay rule. EBI will consider stipulating to the introduction of the deposition of Captain Williams in lieu of his testimony.**

Respectfully submitted,

BEST KOEPPEL

_____
LAURENCE E. BEST (#3012)
PETER S. KOEPPEL (#1465)
W. BARTLETT ARY (#17909)
Pan American Life Center
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone:   (504) 598-1000
Telecopier:   (504) 524-1024

Attorneys for Defendant, Elevating Boats, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been forwarded to all known counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

New Orleans, Louisiana, this 26 day of December, 2000.

_____