**COPY IN CHAMBERS**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERAMIE LATIOLAIS** | **DOCKET NO. 00-0085** |
| **VERSUS** | **JUDGE: SECTION "L"** |
| **EVEVATING BOATS, INC.** | **MAGISTRATE: 3** |

### PLAINTIFF, JERAMIE LATIOLAIS, RESPONSE TO ELEVATING BOATS, INC.'s OBJECTIONS TO PLAINTIFF'S EXHIBITS

**MAY IT PLEASE THE COURT,** the following is Plaintiff's Memorandum in response to the objections filed by Elevating Boats, Inc. to plaintiff's proposed exhibits.

1. *Copy of the March 15, 1999 handwritten statement given by Jeramie Latiolais to Harold Short;*

Defendant, Elevating Boats, Inc., objects to the admissibility of this statement as hearsay. Clearly, the document is admissible into evidence through plaintiff as being his hand written statement under Federal Rule of Evidence 801(d)(1), a statement is not hearsay if it is "a prior statement by the witness" and "the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement" and the statement is "consistent with the declarant's testimony and is offered to rebut and express or imply a charge against the declarant against recent fabrication or improper influence or motive". As such, as plaintiff will be introducing a copy of his March 15, 1999 handwritten statement in order to rebut the charge by defendants that his handwritten statement is not accurate and correct or reflective of his version of the accident. As such, plaintiff's handwritten statement is not hearsay under Federal Rule of Evidence 801(d)(1).

2.   *A copy of the March 16, 1999 statement of Kevin Brossard given to Harold Short;*

Again, pursuant to Federal Rule of Evidence 801(d)(1), plaintiff has been advised that Kevin Brossard will be subpoenaed and called lived to testify at trial, and is likewise subject to cross-examination. Clearly, Mr. Brossard is subject to questioning regarding the statement which he gave to Harold Short, who the undersigned has likewise been advised will be testifying at trial regarding his investigation of plaintiff's accident. Additionally, the document in question, is likewise proper, under the business records exception to the hearsay rule insofar as this document was obtained by Harold Short, who investigated this accident on behalf of plaintiff's employer, Perf-O-Log, Inc.

3.   ***NONE SUBMITTED***

4.   ***A copy of Elevating Boats, Inc. Safety and Environmental Program (Policy and Procedure Manual) including any and all attachments, addendum and attached exhibits;***

Defendant, Elevating Boats, Inc., objects to the introduction of its own policy and procedures manual, asserting that it is "irrelevant" under Federal Rule's of Evidence 401-403. Clearly, the policy and procedures of ELEVATING BOATS, INC. is at issue in this case, and is "relevant" to whether or not defendant, ELEVATING BOATS, INC., had a duty to provide plaintiff with a safe mean of ingress or egress to its vessel.

Federal Rule of Evidence Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence". What is at issue, is the duty of defendant, ELEVATING BOATS, INC., to provide plaintiff with a safe workplace and an adequate safe means of ingress and egress to its vessel. Whether or not defendant was violating its own safety policy and procedures, is most relevant in determinating the negligence,

fault and ultimate liability of ELEVATING BOATS, INC. for plaintiff's accident and subsequent injuries. Whether or not defendant, ELEVATING BOATS, INC., breached it's duty under the general maritime law to provide plaintiff with a safe mean of ingress and egress, is directly related to whether or not defendant, ELEVATING BOATS, INC., violated it's own safety practices through it's policy and procedures manual. As such, plaintiff would contend that the Elevating Boats, Inc. safety and environmental program policy (policy and procedures manual), is relevant and admissible under the Federal Rules of Evidence.

Federal Rule of Evidence 403 is inapplicable to the present cause of action, as this case is scheduled as a bench trial (as opposed to a jury trial).

5.   *A copy of the RICK STEIRWALD Elevator Operations Manual, including attached exhibits;*

Again, defendant, ELEVATING BOATS, INC., objects to the introduction of its own lift boat vessel's operations manual, asserting that this manual is "irrelevant evidence" and as such "inadmissable". Again, ELEVATING BOATS, INC. would assert that it has no duty under the general maritime law or any other law of the United States to provide plaintiff with a safe work place and a safe means of ingress and egress to its vessel. Defendant attempts to escape this duty by asserting that at the time of the accident in question, the RICK STEIRWALD was not operating as a vessel, but as a "stationary work platform". Defendants can call their vessel whatever they want, but the fact remains, that at the time of accident in question, the RICK STEIRWALD was and remained a vessel at all pertinent times.

The RICK STEIRWALD elevator operations manual, clearly sets forth the job responsibilities and duties of all vessel personnel, as well as their responsibilities. The RICK STEIRWALD Elevator Operations Manual likewise sets forth the authority for the vessel captain

and crew as opposed to passengers, such as plaintiff and his co-workers. There is no question, but that the RICK STEIRWALD Elevator Operations Manual, is "relevant evidence" within the definition of same under Federal Rule of Evidence 401, and admissible.

6.  *A copy of the discovery deposition of Captain Robert Williams taken on November 14, 2000;*

Defendants object to the introduction of their own witnesses' discovery depositions, asserting that it is hearsay and admissible. Defendants likewise state in their objection that "ELEVATING BOATS, INC. will consider stipulating to the introduction of the deposition of Captain William in lieu of his testimony".

The undersigned has been advised by defendant, ELEVATING BOATS, INC., that they will be producing Captain Williams live at trial. As Captain Williams is not within the Court's subpoena authority and outside of the 100 mile radius of the Court, Captain Williams' deposition was taken "for all purposes" and is admissible for all purposes pursuant to Rule 32 of the Federal Rules of Civil Procedure. Plaintiff has not intention of introducing the deposition of Captain Williams, if in fact he is called live to testify at trial, other than to utilize his discovery deposition to impeach his testimony, if necessary.

Respectfully submitted:

BY:
JOSEPH F. GAAR, JR.
413 Lee Avenue
P.O. Box 2053
Lafayette, Louisiana 70502
(318) 233-3185
Attorney for claimant,
JERAMIE LATIOLAIS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has this day been forwarded to all counsel of record, by depositing same in the U.S. Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 3rd day of January 2001.

_____
JOSEPH F. GAAR, JR.